IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-72-D
No. 7:15-CV-24-D

| | |
|---|---|
| DENNIS STEPHEN JOHNSTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On February 2, 2015, Dennis Stephen Johnston ("Johnston") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 720-month sentence for manufacturing child pornography [D.E. 46]. On May 22, 2015, the government moved to dismiss Johnston's section 2255 motion [D.E. 52, 53] and filed a memorandum in support [D.E. 54]. On July 20, 2015, Johnston responded in opposition [D.E. 59]. As explained below, the court grants the government's motion to dismiss and dismisses Johnston's section 2255 motion.

I.

Johnston sexually abused two children from 2002 to 2008, and the abuse included manufacturing over 1200 still images and 189 videos of child pornography. See Sentencing Tr. [D.E. 35] 17–23; Presentence Investigation Report ("PSR") ¶¶ 4–9. On September 8, 2009, Johnston pleaded guilty, without a plea agreement, to two counts in a criminal information of manufacturing child pornography in violation of 18 U.S.C. § 2251(a) and (d). See [D.E. 4] (criminal information); Rule 11 Tr. [D.E. 28] 30–34. On December 15, 2009, at Johnston's sentencing hearing, the court calculated Johnston's advisory guideline range as life imprisonment based on a total offense level

of 43 and a criminal history I. See Sentencing Tr. [D.E. 35] 11–12. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Johnston's allocution, the court sentenced Johnston to 360 months' imprisonment on each count to be served consecutively, yielding a total term of 720 months' imprisonment. See id. 22–30. The sentence on each count was the statutory maximum. See id. 24.

Johnston appealed and argued that his sentence was unreasonable. On April 20, 2011, the United States Court of Appeals for the Fourth Circuit affirmed Johnston's sentence. See United States v. Johnston, 424 F. App'x 226, 227–28 (4th Cir. 2011) (per curiam) (unpublished).

On February 2, 2015, Johnston filed a motion under 28 U.S.C. § 2255. See [D.E. 46]. Johnston contends that his counsel was ineffective (1) by failing to challenge the constitutionality of 18 U.S.C. § 2251, (2) by failing to challenge the search of Johnston's home and the seizure of his property (including the child pornography that he manufactured), (3) by failing to object during sentencing to the court's remarks about "making an example" of Johnston, (4) by failing to object during sentencing to the court's finding that Johnston lacked remorse, and (5) by failing to challenge the criminal information as "duplicative and/or multiplicitous." Id. 1–14.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."

2

Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

At his Rule 11 hearing, Johnston stated under oath that he had consulted with his counsel about the two charges in the criminal information to which he was pleading guilty, that he was fully satisfied with his counsel's performance, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. [D.E. 28] 13–16. Johnston also swore that he understood the two charges to which he was pleading guilty and the maximum penalties for each charge. See id. 22–25. He swore that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 3–8, 25, 28–30. Additionally, Johnston swore that he understood his right to a grand jury indictment and was waiving (both orally and in writing) that right concerning the two charges in the criminal information. See id. 28–29; cf. [D.E. 4] (criminal information); [D.E. 13] (waiver of indictment). Johnston also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum on each count. See Rule 11 Tr. 26–28.

3

At the end of his Rule 11 hearing, Johnston pleaded guilty to the two charges in the criminal information, and the government provided a factual basis for the guilty plea. See Rule 11 Tr. 30–33. The court then accepted Johnston's guilty plea to the two charges. See id. 33.

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must

4

attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Counsel need not file baseless motions, or "raise every available nonfrivolous" argument to provide effective representation. See Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009). Rather, counsel's "reasonable appraisal of a claim's dismal prospects for success" is reason enough not to raise it. Id. at 127. Moreover, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffective assistance of counsel claim on a section 2255 motion, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013).

Johnston contends that his counsel was constitutionally ineffective by (1) failing to challenge the constitutionality of 18 U.S.C. § 2251, (2) failing to challenge the search of Johnston's home and the seizure of Johnston's property (including the child pornography that he manufactured), (3) failing to object to the court's alleged remarks at sentencing about "making an example" of Johnston, (4) failing to challenge the court's finding at sentencing that Johnston lacked remorse, and (5) failing to challenge the criminal information based on duplicity or multiplicity. See [D.E. 46] 4–14.

Johnston's ineffective-assistance claim concerning the search of his residence fails. Johnston has not plausibly alleged either that counsel's decision not to move for suppression was objectively unreasonable, see Premo v. Moore, 562 U.S. 115, 123–28 (2011), or that the decision prejudiced him. Id. at 128–32. Although trial counsel's failure to file a suppression motion "does not constitute

5

per se ineffective assistance of counsel," it may form the basis of an ineffective assistance of counsel claim. Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). To demonstrate deficient performance on such a claim, "a meritorious Fourth Amendment issue" is a necessary prerequisite. Id. at 382; cf. Hill, 474 U.S. at 59. Here, Johnston has not plausibly alleged a valid Fourth Amendment claim given that law enforcement searched his residence pursuant to his wife's consent after she reported his sexual abuse of two children and that he had child pornography in their residence. See Fernandez v. California, 134 S. Ct. 1126, 1129–30 (2014); Rule 11 Tr. 31–32. Thus, counsel's performance was not deficient because a suppression motion would have had a dismal chance of success. See Knowles, 556 U.S. at 127. Furthermore, even if Johnston did object to the search in his wife's presence ([D.E. 59] 15–18), counsel's performance was not unreasonable because competent counsel could reasonably conclude that suppression of the child pornography that Johnston manufactured would be futile—particularly in light of Johnston's wife's statements to the officers before the search that Johnston's computer contained child pornography involving the two children, Johnston's confession to having child pornography on his computer, and the interview statements of the two children corroborating six years of Johnston's sexual abuse, including the production of child pornography. See Rule 11 Tr. 31–32; PSR ¶ 4; Premo, 562 U.S. at 123–28. Alternatively, Johnston's claim does not satisfy the Strickland prejudice requirement because Johnston has failed to plausibly allege that he would not have pleaded guilty but for counsel's alleged failure to seek to suppress the fruits of the search. See, e.g., Premo, 562 U.S. at 128–32; Bobby, 558 U.S. at 12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 699–700.

As for Johnston's other complaints about his counsel's performance, Johnston's counsel obviously did not make the requested objections because, as the sentencing transcript and governing law make clear, the objections would have been baseless, and the Sixth Amendment does not

6

Case 7:09-cr-00072-D   Document 61   Filed 11/25/15   Page 6 of 8

require counsel to make baseless objections. See Knowles, 556 U.S. at 127. Specifically, the proposed objections would have been baseless because the court had jurisdiction concerning Johnston's manufacturing of child pornography,[1] the court did not state at sentencing that it was "making an example" of Johnston,[2] the court had the discretion at sentencing to assess whether Johnston was remorseful,[3] and the criminal information was not multiplicitous.[4] Thus, Johnston has failed to plausibly allege deficient performance. Alternatively, Johnston has failed to plausibly allege prejudice. See, e.g., Premo, 562 U.S. at 128–32; Bobby, 558 U.S. at 12; Knowles, 556 U.S. at 127–28. Accordingly, Johnston's ineffective-assistance claims fail.

After reviewing the claims presented in Johnston's motion, the court finds that reasonable jurists would not find the court's treatment of Johnston's claims debatable or wrong and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 53], DISMISSES Johnston's section 2255 motion [D.E. 46], and DENIES a certificate of appealability. The court

---

[1] See, e.g., United States v. Buceli, 262 F.3d 322, 327–30 (4th Cir. 2001).

[2] See Sentencing Tr. 2–30. Furthermore, the court was permitted to consider the need for just punishment, general deterrence, and specific deterrence. See 18 U.S.C. § 3553(a).

[3] See Johnston, 424 F. App'x at 227.

[4] See United States v. Fee, 491 F. App'x 151, 157–58 (11th Cir. 2012) (per curiam) (unpublished); United States v. Esch, 832 F.2d 531, 541–42 (10th Cir. 1987).

7

DISMISSES as moot Johnston's motion to suspend the court's order dated April 27, 2015 [D.E. 51], and DENIES his motions to amend as futile [D.E. 47, 56, 56-1].

SO ORDERED. This _25_ day of November 2015.

JAMES C. DEVER III
Chief United States District Judge